**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ZENOLA WOODS,

                Plaintiff,

-vs-                                       Case No.  2:09-cv-548-FtM-29SPC

GUEST SERVICES COMPANY OF VIRGINIA,
LLC,

                Defendant.
_____

**<u>ORDER</u>**

      This matter comes before the Court on Defendant's Motion to Strike Expert Report of Stephen I. Rosen, Ph.D. (Doc. #28) filed on August 17, 2010 and Defendant's Motion to Strike "Revised" Expert Report of Stephen I. Rosen, Ph.D. (Doc. #30) filed on August 20, 2010.  Plaintiff filed her Responses on August 25, 2010 (Doc. #31) and September 2, 2010 (Doc. #32).   In its Motions, Defendant is moving to preclude Plaintiff's use of Dr. Stephen I. Rosen, Ph.D. in these proceedings.  The matter if now ripe for review.

      This is a slip and fall case in which Plaintiff Zenola Woods alleges that Defendant's negligence and failure to exercise reasonable care created an unsafe condition which caused her to fall in a shower at the Doubletree Guest Suites in Naples, Florida and suffer injuries.  Plaintiff has submitted the report of Stephen I. Rosen, Ph.D. as a purported expert in slip and fall accidents in support of her case.

      On August 18, 2010, Defendant filed its first Motion to Strike the Expert Report of Stephen I. Rosen, Ph.D.   As grounds, Defendant argued that Rosen's expert report fell short of the

requirements set forth in Federal Rule of Civil Procedure 26 and thus should be striken.  Specifically, in their first Motion, Defendant argued that the Report provided no meaningful information to the Defendant as to what the expert's opinions are, it failed to disclose what Rosen reviewed and considered in preparing his report, and states in several places that the report did not contain all of Rosen's opinions and that Rosen reserved the right to supplement his report.

On August 20, 2010, Plaintiff disclose a "revised" expert report of Rosen in an attempt to correct the deficiencies identified by Defendant in its first Motion to Strike.  Plaintiff has informed the Court that Rosen's initial report was submitted with Rosen's misunderstanding that it was for a state court action as opposed to a federal action.  Defense counsel did not object to the filing of the revised report but now moves to strike it, alleging that it still runs afoul of the requirements of Rule 26.  Specifically, Defendant alleges that Rosen still fails to identify the case-specific materials he reviewed to prepare his report, fails to identify any testing performed by him, and fails to state whether he has even seen the subject shower.

Pursuant to Federal Rule 26(a)(2)(B),

disclosure[s] must be accompanied by a written report-prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

The report must contain:

    (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the data or other information considered by the witness in forming them;

    (iii)   any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications
        authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous four
        years, the witness testified as an expert at trial or by
        deposition; and

(vi)    a statement of the compensation to be paid for the study and
        testimony in the case.

An expert report must be "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Goodbys Creek, LLC v. Arch Ins. Co., 2009 WL 1139575, *1 (M.D. Fla. Apr. 27, 2009).  An expert's report must contain a complete recitation of the totality of an expert's opinions "such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial."  Id.  An expert report may be excluded under Federal Rule 37(c)(1) if a party fails to properly disclose information as required by Rule 26 "unless the failure was substantially justified or is harmless."  See Fed. R. Civ. P. 37(c)(1). Failure to disclose is "harmless" where there is no substantial prejudice to the party entitled to receive the disclosure.  Poole v. Gee, 2008 WL 2397603, *2 (M.D. Fla. June 10, 2008).

In this case, Rosen's revised expert report, while sparse, does set forth nine opinions and provides a short basis for each opinion.  It also includes Rosen's publications, an extensive list of other cases in which he has participated in, as well as the compensation he is to be paid.  It is not fatal that Rosen failed to include what case-specific materials he reviewed in his revised report. Rosen does not have to review case-specific materials in order to opine on the correct standards that should be followed in a slip and fall case such as this.  Plaintiff's counsel stated that Rosen reviewed the photographs of the shower.  The basis for Rosen's opinions may be solicited by the Defendant at Rosen's deposition that is scheduled to take place in October.

Rosen also stated in his revised report that it contained "some of the expert opinions I hold in this matter but not the totality of my opinions." Rosen Rpt. at 2. And he concludes his revised report by stating that "[t]he foregoing are some of the professional opinions I hold in this matter." Id. at 9. Thus, it is clear that Rosen's revised report does not contain a complete statement of all of the opinions that he will express on this matter, which violates Rule 26(a)(2)(B)(i). By not encompassing the entirety of his opinions within the revised report, Defendants are left to guess as to what Rosen is opining to and would be subject to "trial by ambush." The Court will not strike Rosen's revised report on this basis though, but it will confine Rosen to what he set out in his revised report as being the totality of his opinions.[1] The deadline has passed and Rosen may offer no further opinions than what are contained in his revised report dated August 20, 2010. An extension of time for Rosen to file yet another version of his report would be unduly prejudicial to the Defendant.

Also before the Court is Defendant's Unopposed Motion to Extend Deadline to File *Daubert* Motions (Doc. #33) filed on September 8, 2010. Under the current scheduling order, *Daubert* motions are due to be filed on or before September 30, 2010. As grounds, Defendant asserts that the Plaintiff was unable to produce Rosen for deposition until October 12, 2010. Therefore, Defendant requests an extension until October 22, 2010 to file a *Daubert* motion with respect to Rosen. For good cause shown, and because the requested extension is unopposed, the Court will grant the extension of time.

---

[1]The Court notes that it is offering no findings as to whether Rosen's report would survive a *Daubert* challenge. At this point the Court is only determining whether Rosen's report is technically sufficient under Rule 26.

Accordingly, it is now

**ORDERED:**

(1)     Defendant's Motion to Strike Expert Report of Stephen I. Rosen, Ph.D. (Doc. #28)

is **DENIED**.

(2)     Defendant's Motion to Strike "Revised" Expert Report of Stephen I. Rosen, Ph.D.

(Doc. #30) is **DENIED**.

(3)     Defendant's Unopposed Motion to Extend Deadline to File *Daubert* Motions (Doc.

#33) is **GRANTED**.   Defendant shall have up to and including **October 22, 2010** to

file its *Daubert* motion directed to Rosen.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of September, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record